IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEVIN BROSNAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:22-cv-02337-LMM |
| KEISHA LANCE BOTTOMS, | ) | |
| in her Individual and | ) | |
| official capacities, | ) | |
| PAUL HOWARD, in his Individual | ) | |
| and official capacities, | ) | |
| DONALD HANNAH, in his Individual | ) | |
| and official capacities, | ) | |
| CLINT RUCKER, in his Individual | ) | |
| and official capacities, | ) | |
| The City of Atlanta, Georgia, and | ) | |
| Fulton County, Georgia | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CLINT RUCKER'S BRIEF IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Clint Rucker ("Defendant Rucker"), named a

defendant in the above-styled action and file this, his Motion to Dismiss, pursuant

to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction and (6) for failure

to state a claim upon which relief can be granted, and shows the Court the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Devin Brosnan ("Plaintiff") filed the instant matter on June 10, 2022,

against Defendants Keisha Lance Bottoms ("Defendant Bottoms"), in her individual and official capacities, Paul Howard ("Defendant Howard"), in his individual and official capacities, Donald Hannah ("Defendant Hannah"), in his individual and official capacities, Clint Rucker, in his individual and official capacities, the City of Atlanta, Georgia, and Fulton County, Georgia.  Doc. 1.  Plaintiff filed federal claims pursuant to 42 U.S.C. §1983, alleging violations of the Fourth and Fourteenth Amendments, and state law claims alleging conspiracy, false arrest, and ratification. Id.  Plaintiff seeks declaratory judgment, compensatory damages, injunctive relief, attorney's fees, and punitive damages.  Id.

On June 12, 2020, Plaintiff was dispatched to the Wendy's restaurant located at 125 University Avenue SW for a report of an unconscious individual, later identified as Rayshard Brooks ("Brooks").  Doc. 1, ¶25.  After responding to the call, Plaintiff determined Brooks was under the influence of alcohol.  Id. at ¶¶27-28. According to Plaintiff, Brooks was cooperative until he was placed under arrest.  Id. at ¶30.  After Plaintiff and another responding officer, Officer Garrett Rolfe ("Rolfe"), attempted to take Brooks in custody, Brooks attacked Plaintiff and Rolfe. Id.  at ¶31.  During the altercation, Brooks was able to take Plaintiff's taser.  Id. at ¶34.  Brooks tazed Plaintiff and Plaintiff fell on the ground.  Id. at ¶¶34-36.  Rolfe attempted to subdue Brooks, but was unsuccessful.  Id. at ¶36.  Brooks aimed the

taser at Rolfe and pulled the trigger.  Id. at ¶41.  Rolfe discharged his firearm at Brooks.  Id. at ¶43.

According to Plaintiff, during the struggle with Brooks, Plaintiff sustained a head injury, including a hematoma.  Doc. 1, ¶48.  On June 16, 2020, Plaintiff met with Defendant Rucker, who at the time was an assistant district attorney, and according to Plaintiff, he attempted to give Defendant Rucker his medical records. Id. at ¶16, 55.  Plaintiff contends that Defendant Rucker refused to copy or read Plaintiff's medical records.  Id. at ¶55.  According to Plaintiff, Defendant Howard instructed Defendant Hannah to obtain an arrest warrant for Plaintiff for aggravated assault and violation of oath.  Id. at ¶84, 91.  Plaintiff contends Defendant Hannah signed a warrant affidavit on June 17, 2020.  Id.  at ¶85.  Plaintiff further contends that Defendants Howard and Bottoms made several untrue statements to the media. Id. at ¶¶56-83, 87-112.  According to Plaintiff, Defendants Hannah, Rucker, and Howard knew that Plaintiff was assaulted, injured, and hospitalized; that Brooks was intoxicated; that Plaintiff did not have a first aid kit; and that Plaintiff never stood on Brooks.  Doc. 1, ¶156.

## ARGUMENT AND CITATION TO AUTHORITY

### I.   Motion to Dismiss Standard.

In considering a motion to dismiss, the allegations in the complaint must be

taken as true and construed in the light most favorable to the plaintiff.  Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).  However, "'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).  Additionally, "the court is not required to accept a plaintiff's legal conclusions" as fact.  Id.

Therefore, the mere possibility that a defendant acted unlawfully is not sufficient to survive a motion to dismiss.  Id. at 1261.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Finally, a complaint may be dismissed for failure to state a claim upon which relief may be granted when it appears that the plaintiff can prove no set of facts which would entitle him to relief.  Ramsey, 312 F.3d at 1225.

## II.   **Plaintiff failed to sufficiently allege a claim against Defendant Rucker.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." The correct standard on a motion to dismiss is whether the well-pleaded factual allegations give rise to a "plausible" suggestion of unlawful conduct, which requires

"more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Importantly, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice").

Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-57 (requiring factual support sufficient to cross the line between possible and plausible). Thus, a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. For example, allegations that a defendant "knew of, condoned, and willfully and maliciously agreed" to commit an unconstitutional act is a mere conclusion entitled to no presumption of truth, as are allegations that a defendant was a "principal architect" of an unconstitutional policy, or that a defendant was "instrumental" in executing an unconstitutional policy. Id. at 680-81; see also Twombly, 550 U.S. at 555 (allegation that a defendant entered into "an unlawful agreement" is a legal conclusion).

Plaintiff's factual allegations against Defendant Rucker are sparce at best.  In his factual allegations, Plaintiff only alleges that he told Defendant Rucker about his injuries and Defendant Rucker refused to read and copy Plaintiff's medical records. Doc. 1, ¶55, 79.  A majority of Plaintiff allegations against Defendant Rucker consist of speculative, conclusory allegations, and/or legal conclusions.  See e.g. Id. at ¶¶153-188, 193-197, 215, 246-251.  For instance, Plaintiff alleges "Defendants Hannah, Rucker, and Howard were not acting in the roles of, or course of, prosecuting criminal charges against Plaintiff when they secured arrest warrants for Plaintiff."  Id. at ¶157.  However, Plaintiff does not state any facts supporting such a contention.  See generally, Doc. 1.  In fact, Plaintiff alleges that only Defendant Hannah signed a warrant affidavit and secured the arrest warrant for Plaintiff.  Id. at ¶85.  Because Plaintiff has failed to sufficiently assert any factual allegations against Defendant Rucker, Plaintiff's Complaint must be dismissed.

## III.   **Defendant Rucker in his official capacity is entitled to Eleventh Amendment immunity.**

The Eleventh Amendment prohibits federal courts from exercising jurisdiction over lawsuits against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in §1983 cases.

Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992). Thus, if the state has not waived its immunity, the Eleventh Amendment bars §1983 cases against the state. Cross v. State of Ala., 49 F.3d 1490, 1503 (11th Cir. 1995). The Eleventh Amendment also bars §1983 claims against state officials sued in their official capacities. In such cases, the state is considered to be the real party in interest since an award of damages would be paid by the state, and not the state official. Id. at 1503. Because the Eleventh Amendment shields Defendant Rucker against suit in his official capacity, any asserted § 1983 claim against him must be dismissed as a matter of law.

## IV.   Defendant Rucker is entitled to absolute immunity, in his individual capacity, for Plaintiff's federal claims.

Plaintiff has not alleged sufficient facts to overcome Defendant Rucker's absolute immunity.

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

Imbler v. Pachtman, 424 U.S. 409, 422-423 (1976). Thus, "prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999) (citing Imbler, 424 U.S. at 431).

7

"[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application."   Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (internal citations omitted).  However, "absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application."  Id. (internal citations omitted).  In Ward v. Chafin, 3:21-CV-111 (CAR), 2022 WL 3328875, at *5-6 (M.D. Ga. Aug. 11, 2022), the Middle District noted though a plaintiff contended that the prosecutors "reviewed and investigated" the plaintiff's actions, the plaintiff alleged "no facts from which the Court could reasonably infer that Defendants in fact acted as investigators or engaged in administrative tasks."

Here, Plaintiff has not made any allegations that Defendant Rucker acted as a complaining witnesses in support of a warrant application, made statements to the press, or gave advice to police during a criminal investigation.  See generally, Doc. 1.  Instead, Plaintiff alleges Defendant Rucker refused to read or copy Plaintiff's medical records.  Id. at ¶55.  In effect, Plaintiff contends Defendant Rucker failed to act as an investigator.

Because Plaintiff has failed to allege that any actions taken by Defendant

Rucker were outside his duty to prepare for the initiation of a prosecution or for judicial proceedings, Defendant Rucker is entitled to absolute immunity.

## V.   Defendant Rucker is entitled to qualified immunity, in his individual capacity.

Even if Defendant Rucker is not entitled to absolute immunity, Defendant Rucker is entitled to qualified immunity.

"Qualified immunity is a defense not only from liability, but also from suit, so courts should ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Morris v. Town of Lexington Alabama, 748 F.3d 1316, 1321 (11th Cir. 2014) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)).  As a threshold matter, the defendant must prove that he was acting within the scope of his discretionary authority at the time the alleged constitutional violation occurred.  Loftus v. Clark-Moore, 690 F.3d 1200, 1204 (2012).  In determining whether a government official is acting in his discretionary authority "a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1282

(11th Cir. 1998).   The term "discretionary authority" includes "**all** actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (emphasis added).   The investigation and prosecution of criminal cases are within a prosecutor's discretionary duties. See e.g., Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

Once the defendant meets his burden, the burden shifts to the plaintiff who, "to survive a motion to dismiss, [] must satisfy the two-pronged qualified-immunity standard: (1) the facts alleged in his complaint constitute a violation of his constitutional rights, and (2) the constitutional rights were 'clearly established' when the defendant committed the act complained of. Morris, 748 F.3d at 1322.

Plaintiff contends Defendant Rucker violated his Fourth and Fourteenth Amendment rights alleging false arrest, unlawful seizure of property, and conspiracy. Doc. 1.

**A. Plaintiff failed to adequately allege unlawful/false arrest.**

Given that Plaintiff was arrested pursuant to a warrant, Plaintiff's § 1983 claim is one for malicious prosecution. Carter v. Gore, 557 Fed. Appx. 904, 906 (11th Cir. 2014).   "The issue of a warrant – even an invalid one as [plaintiff] alleges was issued here – constitutes legal process, and thus, where an individual has been

arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." Id.  In order to prove a claim for § 1983 malicious prosecution, "the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." Elmore v. Fulton County School Dist., 605 Fed. Appx. 906, 915 (2015) (quoting Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010)).

In determining whether the plaintiff has established the common law elements of malicious prosecution, the courts look to both state law and federal law.  Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003).  Under both Georgia and federal law, a malicious prosecution claim requires proof of four elements: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Id.

Plaintiff alleges a warrant was issued for his arrest for aggravated assault and for violation of oath of office.  Doc. 1, ¶91.  Aggravated assault is defined under O.C.G.A. § 16-5-21(a)(2) as assaulting another, "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."  Further, to show an assault, "[a]ll

that is required…is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension." <u>Patterson v. State</u>, 332 Ga. App. 221, 225 (2015). "[T]o convict an officer of violating OCGA § 16–10–1, the State must prove that the defendant was actually administered an oath, that the oath was 'prescribed by law', and that the officer violated the terms of that oath." <u>Reynolds v. State</u>, 334 Ga. App. 496, 499 (2015).

Plaintiff admits that Brooks was shot during the course of Plaintiff's investigation of Brooks.  <u>See</u> Doc. 1.  Nothing under O.C.G.A. §16-5-21 excludes law enforcement officers from being charged.  While Plaintiff contends he had a possible defense to the charge of aggravated assault, merely having a defense to a criminal charge does not negate probable cause.  <u>See</u> <u>e.g.</u> <u>Paez v. Mulvey</u>, 915 F.3d 1276, 1286 (11th Cir. 2019) ("So long as it is reasonable to conclude from the body of evidence as a whole that a crime was committed, the presence of some conflicting evidence or a possible defense will not vitiate a finding of probable cause").  With regard to the charges of violation of oath of office, Plaintiff has not alleged sufficient facts regarding the contents of the affidavit or what oaths he was accused of violating.  <u>See</u> <u>generally</u>, Doc. 1. As such, Defendant Rucker is entitled to qualified immunity for Plaintiff's claims related to false arrest.

**B. Plaintiff failed to adequately allege improper seizure of property.**

As for the alleged unlawful seizure of property, nothing in Plaintiff's complaint shows Defendant Rucker was ever involved in such seizure.

Government officials who did not participate in an alleged constitutional violation and are not supervisors are entitled to qualified immunity. See e.g. Brown v. City of Huntsville, Ala., 608 F.3d 724, 736-37 (11th Cir. 2010). To establish § 1983 liability, a plaintiff must show "proof of an affirmative causal connection" between a defendant's acts or omissions and the alleged constitutional violation, which "may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation." Id. (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). Merely being present at the scene is not enough to prove the official was personally involved, unless the plaintiff can show that the defendant was part of the chain of command authorizing the action. Id. Even telling an arresting officer to arrest a suspect does not rise to the level of "personal participation" without evidence that the officials were part of the chain of command. Id. In Brown, the Court found that, at most, the plaintiffs had shown that the assisting officer arguably *wanted* the plaintiffs arrested. Id. at 737 (emphasis added). However, an official's subjective intent is irrelevant in a qualified immunity analysis. Id. at 735. (citing Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010)).

Here, Plaintiff has not alleged any personal participation on the part of Defendant Rucker in the alleged seizure of Plaintiff's property. As such, Defendant Rucker is entitled to qualified immunity on Plaintiff's claim.

### C. Conspiracy.

"To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants "reached an understanding to violate [his] rights." Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1996) (quotation omitted). Further, "[a] plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). As noted above, Plaintiff has not sufficiently pled that Defendant Rucker violated Plaintiff's constitutional rights, therefore, Plaintiff's claim of conspiracy must be dismissed.

### D. The law was not clearly established.

The Eleventh Circuit has stated only "decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state…can clearly establish the law." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007) (citing Marsh v. Butler County, 268 F.3d 1014, 1032 n. 10 (11th Cir.2001) (en banc)). In dealing with whether a law is clearly

established, "the test of 'clearly established' law cannot apply at a high level of generality; instead, to deny qualified immunity, 'the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense.'"  Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also, White v. Pauly, 137 S. Ct. 548, 552 (2017) ("the clearly established law must be 'particularized' to the facts of the case").

In this matter, there are no factually similar cases in the U.S. Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court that would find Plaintiff's rights were violated.  For instance, there are no cases related to an implied seizure of property where the only alleged governmental action involve alleged untrue statements to the media or by other defendants.  Further, there are no cases requiring a prosecutor to dismiss a case upon learning a criminal defendant may have a defense to a charge.  Because there are no similar cases in the U.S. Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court, Plaintiff's claims must be dismissed.

## VI.   **Plaintiff's state law claims against Defendant Rucker are barred by sovereign immunity and the Georgia Tort Claims Act.**

"[T]he district attorney for the Atlanta Judicial Circuit is not a Fulton County official, but rather a state official acting on behalf of the state when exercising his discretion in prosecutorial decisions."  Owens v. Fulton Cnty., 877 F.2d 947, 951

(11th Cir. 1989).  As an assistant district attorney, Defendant Rucker acts on behalf of the State of Georgia rather than Fulton County.  Id.

The Georgia Tort Claims Act ("GTCA") is "the exclusive remedy for any tort committed by a state officer or employee.  A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."  O.C.G.A. § 50-21-25.  This code section requires that a plaintiff "name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).  Further, if an employee is sued for a tort committed while acting within the scope of employment, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant." Id.  Immunity under the GTCA applies even when the government employee is accused of committing unauthorized torts that are intentional or malicious.  Ridley v. Johns, 274 Ga. 241, 242 (2001) ("Since there is no exemption in the statute for acts motivated by malice or an intent to injure, the presence of such motivation has no effect on the immunity granted by the statute").

As such, Defendant Rucker, in his individual capacity, is immune from suit under the GTCA.  In addition, Defendant Rucker, in his official capacity, is entitled to sovereign immunity.

"[T]he plain language of [Ga. Const. Art. I, Sec. II,] Paragraph IX(e), explicitly bars suits against the State or its officers and employees sued in their official capacities, until and unless sovereign immunity has been waived by the General Assembly." Georgia Dept. of Natural Resources v. Center for a Sustainable Coast, Inc., 294 Ga. 593, 599 (2014). Further, "the doctrine of sovereign immunity extends generally to suits against the State, its departments and agencies, and its officers in their official capacities for injunctive and declaratory relief from official acts that are alleged to be unconstitutional." Lathrop v. Deal, 301 Ga. 408, 408 (2017). Therefore, Defendant Rucker is entitled to sovereign immunity as to any state law claims against him. Banks v. Happoldt, 271 Ga. App. 146, 147 (2004).

## VII.    **Plaintiff has not complied with ante litem.**

Under the GTCA, the service of process and mailing provisions for the complaint in actions based upon torts by officers or employees of state government entities are that claimants must: 1) cause process to be served upon the chief executive officer of the state government entity involved; and 2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services. O.C.G.A. § 50-21-26.

In addition, copy of the complaint must be mailed to the Attorney General in a specified manner, and attach a certificate to the complaint that this requirement has

been met. O.C.G.A. § 50-21-35.  The Georgia Supreme Court has confirmed that the requirement for mailing the complaint to the Attorney General is mandatory, though the Court allowed that in some circumstances this requirement may be accomplished by amendment.  See Camp v. Coweta Cnty., 280 Ga. 199, 203-204 (2006) ("The statute demands that a copy of the complaint be sent to the Attorney General as soon after filing as possible").

In the present case, the requirements of O.C.G.A. § 50-21-35 have not been satisfied.  Plaintiff's Complaint asserts he mailed ante litem pursuant to O.C.G.A. §36-11-1 only.  Doc. 1, ¶4.  Under O.C.G.A. §36-11-1, "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." However, because Defendant Rucker is a state official, see e.g., Owens, 877 F.2d at 951, ante litem was required to be served in accordance with O.C.G.A. § 50-21-20, et seq.  Because Plaintiff failed to properly comply with ante litem notice, his state law claims against Defendant Rucker must be dismissed.

## VIII. <u>Defendant Rucker, in his individual capacity, is entitled to quasi-judicial immunity for Plaintiff's state law claims.</u>

Even if Defendant Rucker was not entitled to immunity under the GTCA, he is entitled to prosecutorial/quasi-judicial immunity.  "District attorneys shall enjoy

immunity from private suit for actions arising from the performance of their duties." Ga. Const. art. VI, § 8, ¶ I.  "Prosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability. Therefore, a district attorney is protected by the same immunity in civil cases that is applicable to judges, provided that his acts are within the scope of his jurisdiction."  Smith v. Hancock, 150 Ga.App. 80, 81 (1979).

As Plaintiff has not alleged any of Defendant Rucker's actions were outside of his jurisdiction, Defendant Rucker is entitled to prosecutorial/quasi-judicial immunity for any of Plaintiff's claims against Defendant Rucker in his individual capacity.

## IX.  Plaintiff is not entitled to injunctive relief.

"Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)).  Further, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."

Lyons, 461 U.S. at 102.

> To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

Nothing in Plaintiff's complaint alleges that "he is under the threat of suffering…actual and imminent" harm.  See generally, Doc. 1.  As such, Plaintiff has not sufficiently alleged a claim for injunctive relief.

**X.**   **Plaintiff is not entitled to declaratory relief.**

"Declaratory relief is by its nature prospective. 'For a plaintiff seeking prospective relief to have standing, he must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" McGee v. Solicitor Gen. of Richmond Cnty., Ga., 727 F.3d 1322, 1325 (11th Cir. 2013) (quoting Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir.2004)). "The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (citing Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners, 622 F.2d 807, 821–22 (5th Cir.1980), cert. denied, 450 U.S. 946, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981)).  "Additionally, the continuing controversy may not be

conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)).

Plaintiff has not alleged any "real and immediate" threat of future injury. See generally, Doc. 1. As such, Plaintiff's request for declaratory judgment must be dismissed.

## XI.   **Plaintiff is not entitled to punitive damages.**

Plaintiff is not entitled to punitive damages against Defendant Rucker in his official capacity. Punitive damages are not available against a governmental entity for state law claims or § 1983 claims. See MARTA v. Boswell, 261 Ga. 427, 428 (1991) (citing City of Newport v. Fact Concerts, 453 U.S. 247 (1981)) (punitive damage award against government entity violates public policy); Kentucky v. Graham, 473 U.S. 159 (1985) (punitive damages not available against municipalities in § 1983 actions). Therefore, Plaintiff claim for punitive damages against Defendant Rucker in his official capacity is against public policy and must be dismissed.

With regard to Plaintiff's claims against Defendant Rucker in his individual capacity, although punitive damages may be awarded against government officials sued in their individual capacity, Kentucky v. Graham, 473 U.S. 159, 167 n.13

(1985), "the evidence must [show] that the defendant was motivated by an evil motive or intent, or there must be reckless or callous indifference to federally protected rights." <u>Anderson v. City of Atlanta</u>, 778 F.2d 678, 688 (11th Cir. 1985). Plaintiff can show neither evil motive or intent nor reckless or callous indifference on the part of Defendant Rucker.

Similarly, in Georgia, punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences. O.C.G.A. § 51-12-5.1(b); <u>Bradford v. Xerox</u>, 216 Ga. App. 83 (1995). Georgia Courts have consistently held that in the absence of potentially oppressive or grossly indifferent conduct, it is error to even submit the issue to the jury. <u>See</u> <u>Citizens & Southern Nat. Bank v. Bougas</u>, 245 Ga. 412, 413 (1980); <u>Louisville & N. R. Co. v. Young</u>, 112 Ga.App. 608, 615 (1965). "The expression 'conscious indifference to consequences' relates to an intentional disregard of rights of another." <u>Home Insurance Company v. Wynn et al</u>., 229 Ga.App. 220, 225 (1998). In the instant case, Plaintiff has failed to allege that Defendant Rucker's actions show any sort of willful misconduct, malice, fraud, wantonness, oppression or want of care that would arise to the level of conscious indifference to

consequences.   Thus, punitive damages are not warranted, and dismissal is appropriate.

## XII.   Plaintiff is not entitled to attorney's fees.

In order for Plaintiff to obtain attorney's fees under federal law he will have to prevail on his federal claims.  Ellis v. Wright, 293 Fed. Appx. 634, 634 n.1 (2008) (citing 42 U.S.C. § 1988).  A party is not a prevailing party until they have prevailed on the merits of at least one of their claims.  Id. (citing Hanrahan v. Hampton, 446 U.S. 754, 758 (1980)).  Because Plaintiff cannot prevail on his §1983 action, he is not entitled to attorney's fees under 42 U.S.C. § 1988.

In addition, Plaintiff is not entitled to attorney's fees pursuant to state law. Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract.  Horton v. Dennis, 325 Ga. App. 212, 215 (2013). "Awards under OCGA § 13–6–11 must be specifically pleaded and prayed for in the complaint. Dep't of Transp. v. Georgia Television Co., 244 Ga. App. 750, 751 (2000). The only place Plaintiffs mentions attorney's fees in their Complaint is in their Prayer for Relief.  Doc. 1.  Therefore, because Plaintiff has not specifically plead attorney's fees, he is not entitled to attorney's fees pursuant to state law.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Rucker

respectfully requests that this Court grant his Motion to Dismiss <u>with</u> <u>prejudice</u> and

that Plaintiff's Complaint be dismissed.

This 12th day of September, 2022.

Respectfully submitted,

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

<u>/s/ Timothy J. Buckley III</u>
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
EVA N. HILL
Georgia State Bar No. 145098
Attorneys for Defendant Rucker

2970 Clairmont Road, NE
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
ehill@bchlawpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2022, I electronically filed the DEFENDANT CLINT RUCKER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Lance LoRusso, Esq.
LoRusso Law Firm, P.C.
1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, Georgia 30339


Kaye Woodard Burwell, Esq.
Mathew Plott, Esq.
Office of the Fulton County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
kaye.burwell@fultoncountyga.gov
mathew.plott@fultoncountyga.gov

**[Signature on following page]**

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
EVA N. HILL
Georgia State Bar No. 145098
2970 Clairmont Road, NE          Attorneys for Defendant Rucker[1]
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
ehill@bchlawpc.com

---

[1] This is to further certify that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).