IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARRETT ROLFE,<br><br>    Plaintiff,<br><br>v.<br><br>KEISHA LANCE BOTTOMS, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:22-CV-2339-MHC |

## ORDER

This lawsuit challenges the actions taken by Defendants against Plaintiff

Garrett Rolfe ("Rolfe"), a former City of Atlanta Police Officer, that followed the

shooting by Rolfe of Rayshard Brooks, during an incident in which Rolfe and

fellow City of Atlanta Police Officer Devin Brosnan ("Brosnan") were involved.

This lawsuit was filed on June 10, 2022, the same day a lawsuit was filed by

Brosnan against the same Defendants.  Devin Brosnan v. Keisha Lance Bottoms,

et al., No. 1:22-CV-2337-LMM (N.D. Ga. June 10, 2022).  The parties in the two

cases are represented by the same attorneys and the complaints contain many of the

same factual allegations and causes of action.  Rolfe and Brosnan also filed similar

motions to amend their complaints in both actions.

Federal Rule of Civil Procedure 42 provides, in pertinent part:

(a)   Consolidation.  If actions before the court involve a common question of law or fact, the court may:
   (1)   join for hearing or trial any or all matters at issue in the actions;
   (2)   consolidate the actions; or
   (3)   issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).  Rule 42 is "a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citations and internal punctuation omitted).  "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.  The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is highly contextual." 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2383 (3d ed. 2008).

With the agreement of Judge May, to whom the Brosnan case is assigned, this Court finds that the consolidation of these two cases will promote both convenience to the parties and judicial economy.  Both actions arise out of the same operative facts, the legal defenses that are raised in both cases are the same or similar, the same dispositive motions have been and will likely be filed in both

2

cases and, because the witnesses and evidence will be similar for both matters, the cases should be on the same discovery track. Given the similarity of the facts and legal issues, and the same counsel, it would promote both efficiency and consistency to have a single judge rule on any future motions and discovery disputes.

Accordingly, because the <u>Brosnan</u> case was the first filed in this district, it is hereby **ORDERED** that this case shall be **CONSOLIDATED** with Civil Action No. 1:22-CV-2337-LMM. The Clerk is **DIRECTED** to: (1) file this Order in Civil Action Nos. 1:22-CV-2337-LMM and 1:22-CV-2339-MHC; (2) **CLOSE** Civil Action No. 1:22-CV-2339-MHC; and (3) **CONSOLIDATE** Civil Action No. 1:22-CV-2339-MHC with No. 1:22-CV-2337-LMM.

The Clerk is further **DIRECTED** to assign to the undersigned the next case assignment in rotation for Judge May.

**IT IS SO ORDERED** this 24th day of February, 2023.

_____
MARK H. COHEN
United States District Judge

3